32 PG. FOR 6.00 WILL FUND ME TO D.C

# COURT

8:26-cv-85-WFJ-AEP

K. BURNS (ROGERS) -PO BOX 2101, ST. LEO, FLA 33574

MENTALLY DISABLED JUVENILE DEFENANT

Vs.

PASCO COUNTY REPUBLICAN COMMISSION-7530 LITTLE RD, NEW PORT RICHEY, FLORIDA, 34654 THE REPUBLICANS WHO SHOULD NOT BE CONSTITITUTITONALLY ALLOWED TO FALSE IMPRISON A ELDERLY DEMOCRATS, MENTALLY DISABELED CHILD. FOR A CRIME THAT THE SAME POLICE OFFICER WHO SWORN TO HAVE WITNESSED THE CRIME ALSO SAID I DID NOT COMMITTED ANY CRIME UNDER PENALTY OF PERJURY. THE NIGHT HE ALSO BAKER ACTED ME AND EVEN PERFORMED MY INVOUNTARY EXAM. THAT THE REPUBLAICAN STATE ATTORNEY &

THE REPUBLICAN CLERK &

THE REPUBLICAN JUDGE &

THE REPUBLICAN SHERIFF &

PAID COUNSEL

ALL KNEW ABOUT THE DOCUMENTS THAT PROVED MY INNOCENTS AND WORKED AS A LEGAL TEAM TO WIPE FROM MY RECORD BY USING THE POWER OF THE OFFICE TO DO SO.

THIS WAS A DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW THAT HAS GONE UNPUNSHIED DUE TO BEING DONE TO A ELDERLY DEMACRATES MENTALLY ILL CHILD.

RELIEF SEEKING: CASES BE LEGALLY OVER TURNED AND COMPENANCY PAID IN FULL WITHOUT DELAY



(10)

CHRIS NOCCO, SHERIFF

# PASCO SHERIFF'S OFFICE

TEAMWORK • PROFESSIONALISM • SERVICE

February 3, 2020

Mr. Kevin Burns PO BOX 555 PO BOX 2101
[redacted]
[redacted] OLD TOWN, FL 32680 St. LEO, FL 33574

Dear Mr. Burns:

This letter is in response to your letter of complaint received by the Professional Standards Unit of the Pasco Sheriff's Office on December 26, 2019.

A review of your complaint by Pasco Sheriff's Office Professional Standards Unit Inspector J. Christensen was completed and found there were no Pasco Sheriff's Office General Orders or Policy Violations. There will be no further action taken on this matter and your complaint is considered closed.

Thank you for bringing this to the attention of the Pasco Sheriff's Office and allowing us the opportunity to thoroughly investigate your complaint.

3

Sincerely,

[signature] 880

Inspector J. Christensen
Professional Standards Unit

REPUBLICAN SHRIFF PROTECTS HIS CRIMINAL Police

16

Who Robbed, Kidnapped and false imprisoned



STATE OF FLORIDA

**Office of the Governor**

THE CAPITOL
TALLAHASSEE, FLORIDA 32399-0001

www.flgov.com
850-717-9418

RON DeSANTIS
GOVERNOR

CREATED MADE HOME-

September 11, 2020

Dont vote for people who protect criminals

HOMELESS Schizo

Mr. Kevin Lee Burns
~~Post Office Box 217~~ Po box 2101, St LEO, FLA 33574
Old Town, Florida 32680

Dear Mr. Burns: WILL CAMPAIGN AGINST

Thank you for contacting Governor Ron DeSantis. CORRUPTION

The Florida Constitution limits the Governor's intervention in matters that should be resolved through the court system. The person who can best assist you with your legal concerns is an attorney. The Florida Bar offers a Lawyer Referral Service which you may contact by calling toll-free (800) 342-8011, or by writing to 651 East Jefferson Street, Tallahassee, Florida, 32399-2300. You may also visit the Florida Bar's website at www.floridabar.org.

1

If you cannot afford an attorney, you may be eligible for low cost or pro bono assistance through a local legal aid office. Information can be obtained by calling the Florida Bar or visiting the Florida Bar's website at www.floridabar.org.

Thank you again for contacting Governor DeSantis. MR, ISRAEL NOT MR. FLORIDA

May the LORD Show you about USING HIS NAME IN LIES AN VEIN,

Sincerely,

Tyler Andrew

Tyler Andrew
Office of Citizen Services
Executive Office of the Governor

!!

TA/cas

This governor can attack George Soros bac

18

state Prosecutor's, but not the Republican state prosecutor and sheriff, who put a documented INNOCENT MENTALLY ILL Child in prison.

From attorney.general@myfloridalegal.com

To WRONGFULLYCONVICTEDKEVIN@gmail.com

Date Jul 29, 2020, 4:05 PM

Standard encryption (TLS).
View security details

2

Florida Attorney General Ashley Moody recently received your email regarding your safety concerns and multiple allegations. Attorney General Moody asked that I respond.

I am sorry for your difficulties. In regard to criminal allegations, investigation and prosecution of potential violations of criminal law such as those you have alleged in your complaint are under the jurisdiction of either your local police or sheriff's department and elected state attorney. Those agencies, therefore, are the authorities to which you should direct your complaint.

Pasco County Sheriff's Office
Phone: (727) 847-8102
Website: https://pascosheriff.com/

State Attorney's Office
Sixth Judicial Circuit
Phone: (727) 464-6221
Website: www.statty.co.pinellas.fl.us

The Republican State attorney told me to file a complaint with the victimizer/ [illegible] 17

9.

JUN-20-2000 22:41 SSA

P.029

D1

EXHIBIT NO. B[illegible]
PAGE: 11 OF 13

PASCO COUNTY SHERIFF'S OFFICE

VOLUNTARY STATEMENT FORM

CASE #: 01-22093 [illegible]

I, Kevin L Burns am writing this statement of my own free will. My statement is:

That I went around and collect Building materials to build me a Room around back To tack a girl to Spend time

NEVER ENTERED IN TO COURT RECORDS WHILE FACING A DEATH SENTENCE FOR A CONFESSION [illegible] AS A BAKER ACTED CHILD

PRINTED NAME: Kevin Burns

SIGNATURE: [signature] DATE: 3-19-01

WITNESS (Printed Name): STEVEN GREINER

WITNESS SIGNATURE: [signature]

WITNESS (Printed Name):

WITNESS SIGNATURE:

5

5

(18)

Page 1 Subtotal 198.6

V. Legal Status violation = 4 Points — V. ____

VI. Community Sanction violation before the court for sentencing — VI. 6
6 points x each successive violation OR
New felony conviction = 12 points x each successive violation
12 pts x each successive violation for a VFOSC
New felony conviction = 24 pts x each successive violation for a VFOSC

VII. Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points — VII. ____

VIII. Prior Serious Felony = 30 Points — VIII. ____

Subtotal Sentence Points 204 6

IX. Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang | Domestic Violence (offenses committed on or after 10-1-97) |
|---|---|---|---|---|
| ___ x 1.5 ___ x 2.0 ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 |

Enhanced Subtotal Sentence Points IX. ____

TOTAL SENTENCE POINTS 204 .6

6

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction.

If total sentence points are greater than 44:
204 .6 (total sentence points) minus 28 = 176 .6 x .75 = 132. 45 (lowest permissible prison sentence in months)

The maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the lowest permissible sentence under the code exceeds the statutory maximum. Such sentences may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

→ 90 yrs ← (maximum sentence in years)

## TOTAL SENTENCE IMPOSED

| | | Years | Months | Days |
|---|---|---|---|---|
| ☒ State Prison | ☐ Life | 6 | | |
| ☐ County Jail | ☐ Time Served | | | |
| ☐ Community Control | | | | |
| ☐ Probation | | | | |

Please check if sentenced as ☐ habitual offender, ☐ habitual violent offender, ☐ violent career criminal, ☐ prison releasee reoffender, or a ☐ mandatory minimum applies.

☐ Mitigated Departure ☐ Plea Bargain

Other Reason ____

JUDGE'S SIGNATURE

Judge Cobb

JUN-20-2000 22:40 SSA P.026

D-11

EXHIBIT NO. B7E EXHIBIT NO. B5F
PAGE: 28 OF 45 PAGE: 8 OF 13

1 3 1 8 0 9 2 6 0 0 0 0 1 4 0

INVESTIGATION: On 05/19/01 at 1900 hrs. I was called out to assist Cpl. Hink in an investigation. I responded to the Dist. II office and met with Cpl. Hink and his trainee, Deputy E. Brown. I was advised post miranda by card Mr. Burns had requested and agreed to point out several construction sites that he had burglarized. Mr. Burns had been arrested for possession of marijuana and he had also cut his wrists earlier in the day. His interview and transport was done with the knowledge and consent of his father. I took custody of Mr. Burns and responded to the Wesley Chapel area. He advised me he stole a box of caulk and a door that was inside the garage of this home under construction. I observed that all these homes had the walls and roof completed, but did not have doors or windows hung yet.

I took his handcuffs off and he voluntarily pointed out all the stolen property

| OFFENSE: NARCOTICS VIOLATION | VICTIM: STATE OF FLORIDA | CASE NO: 01-22093 |
|---|---|---|

a tackle box and a drill holder. Kevin also advised me a white and green tackle box, a blue drill holder and a car amplifier in his home were also stolen. He said he stole these items from [redacted] residence. A check with [redacted] showed he was not missing any property.

We loaded most of the stolen property onto the agency wrecker. Mr. Burns admitted stealing approximately 30 sheets of plywood from another location. The plywood had already been used to construct a large room at the rear of this residence. The room was approximately 15' long by 12' wide and it would have been very difficult to rip apart the plywood to seize it as evidence. Deputy Peteck took photographs of all the evidence. The department wrecker assisted in impounding the stolen property and transporting it to a secured area. I met Mr. Glen Burns. He confirmed that he had given permission for his son to be interviewed. He said he thought that his son was getting the construction materials from the job sites he had worked on. He said he thought these materials were scrap or at times his son would tell him he purchased the lumber and other materials. Kevin Burns stated he would use his father's van to steal construction materials from job sites while on the way home from his regular job at Residential Drywall.

He then agreed to lead me to other locations where he stole more materials. back to the area of S.R. 54 and I-75. Mr. Burns was asked about why he had cut his wrists and if he was really trying to kill himself earlier this date. He told me he was not really trying to kill himself and he was only trying to get attention. He said he was a little depressed because he could not get a girlfriend and he said he stole all these materials to build his own room, in the hopes that a girl would stay with him if he had his own place. He said he never wanted to kill himself. I asked him if he had used drugs today and he replied he was high on "rolls" earlier in the day, but that he was fine now. He said his "high" went away after he had left the hospital. He did not appear to be under the influence of drugs and he appeared alert during my interview with him. We passed the Lexington Oaks Subdivision and he advised me to turn around. He lead me to the area of 5322 War Admiral Drive in the Saratoga Village Subdivision of Lexington Oaks. He told me he stole more "mud" from one of the three houses under construction, but he was not sure of which one. He said he was unable to remember any other construction site thefts.

I transported him to Land O'Lakes Detention Center and he was processed for the possession of marijuana charge. A thorough computer check revealed none of these locations which Mr. Burns pointed out had any record of any reported crimes. Due to none of these offenses being reported, I was not able to charge Kevin with any crimes at this time. A computer check of the car amplifier yielded negative results. I completed a property receipt for all the recovered stolen property and I also entered Kevin's written and taped confessions into evidence. Kevin also signed a waiver of rights form.

Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true, to the best of my knowledge.

SIGNATURE: [signature] DATE: 5-24-01

NAME PRINTED: DET. S. GREINER CJIS: 645

SUPERVISOR: A/SGT. [signature] CJIS: 672 DATE: 5/25/01 PG. 02 OF 04

COPIES TO:
REFERRED TO:
RETAINED BY:
RELATED REPORTS:

7

1318092600001 40 EXHIBIT NO. B7E PAGE: 30 OF 45

Pasco County Sheriff's Office
CONTINUATION SHEET

D-12

01-22893

OFFENSE: NARCOTICS VIOLATION VICTIM: STATE OF FLORIDA CASE NO: 01-22893

I contacted the Juvenile Detention Center and was advised Mr. Burns did not meet the requirements for juvenile incarceration at their facility. I contacted Sgt. Rowan and advised him although Mr. Burns said he did not want to kill himself, he should be taken to a secure facility for further observation. Cpl. Hink responded to the jail and placed Mr. Burns into protective custody. At that time he was transported to the Harbors for further treatment.

I will attempt to contact each of these locations during business hours, to ascertain if the victims are aware their property was stolen.

See report #01-23409

Nothing further at this time.

13180926000014 0 EXHIBIT NO. B7E PAGE: 36 OF 45

Client Name: Burns, Kevin

Client #: 54288

HARBOR EMERGENCY SERVICES
PROGRESS NOTE

8

*SUMMARY*

This is a seventeen-year-old male presenting on involuntary legal status for mental health crisis assessment due to BA52 due to cutting wrists while under the influence of Hallucinogens. Currently appears physically stable and is dressed inappropriately, however may be considered appropriate to season. Was transported by law enforcement and was not accompanied to assessment

*MENTAL STATUS*

Is alert, oriented to time, place, person and situation. Is responsive and yet. Judgment is poor. Memory appears intact. Denies psychotic symptomotology and none is evident at assessment. Reliability is considered poor.

*DIAGNOSIS*

292.84 Hallucinogen induced mood disorder, with onset during intoxication
394.30 Cannabis Dependence
GAF = 31

Melissa M. Galik, BSEd, Screener
Date: 05-20-01
Start Time: 0107 End Time: 0210
Service Code: 38

| | |
|---|---|
| Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true, to the best of my knowledge. | COPIES TO: |
| SIGNATURE: DATE: 5-24-01 | REFERRED TO: |
| | RETAINED BY: |
| NAME PRINTED: DET. S. GREINER CIIS: 645 | RELATED REPORTS: |
| SUPERVISOR: JCG CIIS: 677 DATE: 5/25/01 | PG. 03 OF 40 |

JUN-20-2000 22:41 SSA P.029

(2

EXHIBIT NO. B5F
PAGE: 11 OF 13

PASCO COUNTY SHERIFF'S OFFICE

VOLUNTARY STATEMENT FORM

01-22093 ~~23092~~

CASE #: 01-~~23092~~ 22093

I, Kevin L Burns am writing this statement of my own free will. My statement is:

That I went around and collect Building materials to build me a room around back To tack a girl to Spend time

9

SIGNATURE
Dianna Peake

DISTRICT OFFICE (Name, Address & Code)
FOR PCLA SOCIAL SECURITY ADMIN
V31 DISABILITY DETERMINATIONS
PO BOX 9860
PENSACOLA, FL 32513-9860

☐ CR ☐ FR ☐ SR ☐ CLAIMS CLERICAL ☐ OTHER (Specify)

DATE OF REPORT 09/05/2018
PAGE 1 OF 1

TO: NE ☐ MAT ☐ SE ☐ GL ☐ WN ☐ MAM ☐ ODO ☐ OIO ☐ DDS ☒

NAME OF WAGE EARNER OR SE PERSON: BURNS, KEVIN LEE

PERSON(S) CONTACTED AND ADDRESSES ☐ WE OR SE PERSON ☐ OTHER (Specify)

SPECIAL S

CONTACT MADE:
☐ DO ☐ SO ☐ CS ☐ HOME ☐ PHONE: ☐ OTHER

DATE OF CONTACT 09/05/2018

SUBJECT Suicide flag per internal DDS memo PM 08-03, the attached case shall be flagged for suicide / homicide potential due to statements made by the claimant or information contained within the medical record indicating that the claimant is currently or has in the past threatened to engage in homicidal or suicidal behavior.

Therefore, the case has been flagged 'Special S' and shall be locked before closure and forwarded for review to ensure adherence to policy.

EXHIBIT NO. B27F
PAGE: 23 OF 26

↑ SSA Case file and added to my "NON VOLUNTARY STATEM form" TO SHOW THERE PL TO HID WHAT THEY DID

PRINTED NAME: Kevin Burns

SIGNATURE: [signature]

DATE: 3-19-01

WITNESS (Printed Name): STEVEN GREINER

WITNESS SIGNATURE: [signature]

WITNESS (Printed Name):

WITNESS SIGNATURE:

9

109 12

(6)

ADMISSION DATE: 5/29/01

PROGRAM: 31-TASC

COURT CASE #: 01-1267DLAES

DOB: 03/26/84

THE HARBOR

BEHAVIORAL HEALTH CARE INSTITUTE

BIOPSYCHOSOCIAL ASSESSMENT

INTERVIEW SETTING: Pasco County Juvenile Detention Center.

IDENTIFYING INFORMATION: Kevin is a 17-year-old single white male with brown eyes and black hair. He denies having any tattoos or pierced body parts. He has a scar across his left wrist from a recent suicide attempt.

REFERRAL SOURCE: Kevin was referred by The Department of Juvenile Justice. His counselor there is Margit Chipman.

PRESENTING PROBLEM/CHIEF COMPLAINT/SYMPTOMS: Kevin was referred due to his danger to self, criminal activity and substance abuse. He was brought to the Detention Center from The Harbor Crisis Unit where he had been Baker Acted following a suicide attempt. He is currently charged with one count of trespassing and seven counts of burglary. He was in a diversionary program following 2/23/01, charges of marijuana possession, narcotic equipment possession, trespass and larceny.

10

MEDICAL HISTORY: Kevin reports his health is good. He is receiving medical care for a cut left wrist. He was hospitalized for that following a suicide attempt. He had staples put in his wrist. He was then Baker Acted to The Harbor and released to the Juvenile Detention Center. He reports his only major medical problem in the past has been a concussion at age 16. He denies any other major medical problems. He denies any family history of major medical problems.

DEVELOPMENTAL HISTORY:

MENTAL HEALTH TREATMENT HISTORY: Kevin was Baker Acted to The Harbor on 5/20/01 following a suicide where he cut his left wrist with a steak knife. He denies any other mental health treatment history.

DATE: 5/29/01
NAME: Burns, Kevin

PAGE 3 OF 5
CASE #0054288

LEGAL HISTORY: Kevin is currently charged with seven counts of burglary and one trespass on a construction site. This is the result of his intention to build an addition on his room. He reports having taken materials such as plywood, two-by-fours, shingles and dry wall mud. He has 2/23/01 marijuana possession, narcotic equipment possession and trespass and larceny charges for which he has been placed on a diversionary program. Other previous charges include an 11/29/97 retail theft and a 4/29/96 other misdemeanor for cutting down a fence so he could ride dirt bikes.

DATE: 5/29/01
NAME: Burns, Kevin

PAGE 6 OF 6
CASE #0054288

AXIS III: None.

PAGE 5 OF 5
CASE #0054288

AXIS IV: Legal charges.

DIAGNOSTIC IMPRESSIONS:

AXIS V: GAF= 35

AXIS I: 312.89 - Conduct disorder.
304.30 - [illegible]

10

EXHIBIT NO. B9F
PAGE: 150 OF 513

THE HARBOR
BEHAVIORAL HEALTH CARE INSTITUTE
PSYCHIATRIC EVALUATION
COMPREHENSIVE MENTAL STATUS EXAMINATION

NAME: Kevin Burns

DATE: 05/20/01 CASE # 54288

CHIEF COMPLAINT AND PRESENTING SITUATION: The patient is a 17-year-old white male who was brought in on a BA-52. The BA-52 states that the patient cut his left wrist with a steak knife. On arrival at the residence the patient was unable to provide a clear reason as to why he cut his wrist. The patient reports that he had a bad acid trip and cut his wrist. He states if he was not high he would not have done it.

CURRENT SYMPTOMS: The patient tends to blame others, not take responsibility for his actions, somewhat oppositional and defiant toward authority. He has been kicked out of school, truant, smoking, drug use since age thirteen. He states he is not sad, he just wants to do what he wants to do.

SUICIDAL IDEATION: The patient denies any suicidal ideation, plan or intent and none was noted. No previous attempts.

EXHIBIT NO. B9F
PAGE: 152 OF 513

DATE: 05/20/01 Page 3 of 4
NAME: Kevin Burns CASE #: 54288

DIAGNOSIS/CLINICAL IMPRESSIONS:

AXIS I: Oppositional-defiant disorder.
Cannabis abuse.
Rule out dysthymic disorder.

AXIS II: Deferred.

AXIS III: Deferred.

AXIS IV: Mild to moderate.

AXIS V: GAF = 50.

Amount of Time Spent =

John Femenella, A.R.N.P.

JF/kh/6505

19

18 03/15/2011 PASCO COUNTY CRIMINAL JUSTICE - CASE DOCKET PG 1 19

CDI: CJC CASE: 0101238DLAES FILED: 051901 DIV: 05 ENT: INTRS OF BURNS, KEV
TYPE: NXT APR: 092601 CAL: ADJ COMP: DIS: ESI:

| CDATE | DDATE | DOCKET ENTRY | D | V |
|---|---|---|---|---|
| 061605 | 061605 | FILE VERIFIED TO THIS POINT AJ | A | N |
| 010702 | 010702 | CORRESPONDENCE TO JUDGE TEPPER FROM DJJ | A | N |
| 010702 | 010702 | ORDER TERMINATING SUPERVISION | A | N |
| 010702 | 010702 | PROGRESS REPORT FORM. | A | N |
| 100201 | 100201 | RECEIPT 0003.00 #2848100 TEEN COURT | A | N |
| 100201 | 100201 | RECEIPT 0003.00 #2848100 JUV ASMT CENTER FEE | A | N |
| 100201 | 100201 | RECEIPT 0100.00 #2848100 FDLE FEE | A | N |
| 100201 | 100201 | RECEIPT 0050.00 #2848100 COURT COSTS | A | N |
| 092701 | 092801 | CORRESPONDENCE | A | N |
| 092701 | 092801 | ORDER OF ADJ. AND PROBATION | A | N |
| 092601 | 092701 | COSTS W/IN 20 DAYS | A | N |
| 092601 | 092701 | DRUG ASSESSMENT 000100 | A | N |
| 092601 | 092701 | TEEN COURT 000003 | A | N |
| 092601 | 092701 | JUVENILE ASSESSMENT TRUST FUND 000003 | A | N |
| 092601 | 092701 | COURT COSTS 000050 | A | N |
| 092601 | 092701 | PROBATION ORDERED 6M W/CONDS IN ORDER | A | N |
| 092601 | 092701 | ADJUDICATED DELINQUENT | A | N |
| 092601 | 092701 | CHANGED PLEA TO NOLO CONTENDERE | A | N |
| 083001 | 090401 | SUMMONS RETURNED SERVED DAVID BURNS 082901 | A | N |
| 082401 | | SUBPOENA TO SHERIFF (007) STATE | A | F |
| 082401 | | SUMMONS TO FHR : ADJ 092601 01:30 P.M. | A | F |
| 082401 | | NOTICE OF ADJUDICATORY HEARING - 092601 01:30 P.M. | A | F |
| 082201 | 082301 | ADJUDICTORY HEARING SET 092601 @ 1:30 PM | A | N |
| 082201 | 082301 | MOTION GRANTED TO CONTINUE | A | N |
| 082101 | 082201 | SUMMONS RETURNED UNSRVD DAVID BURNSON | A | N |
| 072601 | 073001 | WAIVER OF SPEEDY TRIAL | A | N |
| 072701 | | SUMMONS TO FHR : PTC 082201 10:00 A.M. | A | F |
| 072701 | | NOTICE OF PRETRIAL CONFERENCE - 082201 10:00 A.M. | A | F |
| 072501 | 072601 | PRE-TRIAL CONFERENCE SET: 082201 @ 10:00 AM | A | N |
| 072501 | 072601 | WAIVED RIGHT TO SPEEDY TRIAL | A | N |
| 062601 | 062701 | SUMMONS RETURNED SERVED DAVID BURNS 062501 | A | N |
| 062001 | | SUMMONS TO FHR : ARN 072501 02:30 P.M. | A | F |
| 062001 | | NOTICE OF ARRAIGNMENT - 072501 02:30 P.M. | A | F |
| 061901 | 061901 | DELIN MISP PETITION POSS MARIJUANA 1M | A | N |
| 052001 | 052501 | JUVENILE COMPLAINT REPORT MISD. POSS MARIJUANA SJ | A | Y |

* * END OF REPORT * * *

12 Arrested May 19, 2001

This case is proof of a Reco violation due to the government being in possession of Evidence withheld from other court Case's about the Same Crime, According to R.B.G

III

D-28

COUNTY COURT OR CIRCUIT COURT - CRIMINAL DIVISION
PASCO COUNTY, FLORIDA
01-2631 [illegible]

STATE OF FLORIDA :

V. : WITNESS AFFIDAVIT

KEVIN LEE BURNS :
SPN [redacted]

BEFORE ME, A NOTARY PUBLIC, personally appeared Det. Steven Greiner, who being duly sworn says that the events hereinafter set forth occurred in Pasco County, Florida:

Your Affiant, a sworn law enforcement officer with the Pasco County Sheriff's Office, had occasion to become involved in the investigation of Burglaries of a Dwelling, Grand Theft and six Petit Thefts, which occurred on or between April 21, 2001 and April 30, 2001.

Your Affiant had occasion to come in contact with the DEFENDANT KEVIN LEE BURNS on an unrelated matter. During the course of coming into contact with the DEFENDANT, the DEFENDANT advised your Affiant that he wanted to come clean and confessed to all these burglaries that he had committed. The DEFENDANT then advised your Affiant that, between the above listed dates and times, he did in fact burglarize a dwelling located at 10210 Rudolph Lane in San Antonio, Florida. That dwelling belonging to Jay Mitchell and/or Saber Construction and did in fact remove $100 or more but less than $300 of construction materials from the dwelling.

Wherefore, your Affiant then spoke to Jay Mitchell who advised your Affiant that the DEFENDANT did not have permission to ente the dwelling nor to take any of the property. Furthermore, the

13

D-29

DEFENDANT advised your Affiant that he likewise entered a residence at 30501 Double Drive, Wesley Chapel, belonging to Bobby Niswonger and/or Maronda Homes, Inc. He further stated that once inside he removed $100 or more worth of construction material. Your Affiant spoke to Bobby Niswonger who advised the DEFENDANT did not have permission to enter the dwelling nor to take any of the materials. Your Affiant was further advised by the DEFENDANT that he also burglarized a home located at 32042 Brookstone Drive, in Wesley Chapel belonging to William Hashagen and/or American Heritage Homes. Once inside the residence, he did in fact remove construction materials worth less than $100.

14

Your Affiant spoke to William Hashagen who advised that no one had permission to enter the dwelling nor to take the construction materials.

Your Affiant was further advised by the DEFENDANT that he likewise entered a home located 31907 Grand Reserve Place in Wesley Chapel. The dwelling of William Hashagen and/or American Heritage Homes. Once inside, he likewise removed construction material that had a value of less than $100.

Your Affiant again spoke to William Hashagen who advised the DEFENDANT did not have permission to enter the dwelling nor to take any of the materials.

Your Affiant was further advised by the DEFENDANT that he did in fact remove 30 sheets of plywood from a construction site with the value of $300 or more but less than $5,000.

51

D-30

Your Affiant spoke to Pat Degregorio, the representative, who advised your Affiant that the DEFENDANT did not have permission to take the 30 sheets of plywood.

Likewise the DEFENDANT further stated to your Affiant that he did in fact burglarize a home located at 5328 War Admiral Drive, Wesley Chapel. Once inside the residence he did in fact take construction materials with the value of less than $100.

Your Affiant spoke to Wayne Scott, a representative, who advised your Affiant that the DEFENDANT did not have permission to enter the dwelling nor to take the construction materials.

15

Furthermore, the DEFENDANT admitted to your Affiant that he broke into a residence located at 1324 La Cledes Drive, Wesley Chapel belonging to Brian Griffith and/or Pulte Home Corporation. Once inside, he removed construction material valued at $100 or more but less than $300.

Post miranda, the DEFENDANT admitted to all the offenses. Furthermore, your Affiant did in fact conduct a drive around with the DEFENDANT. The DEFENDANT did in fact point out each of these properties to your Affiant as well as what materials were taken from each site.

51

D-31

Your Affiant requests this Honorable Court to find probable cause for six counts of Burglary of Dwelling, six counts of Petit Theft; and one count of Grand Theft, contrary to Florida Statutes 810.02/812.014/812.014, against the Defendant.

The foregoing instrument was acknowledged before me this 03 day of JULY, 2001 by STEVEN GREINER, who is personally known to me ~~or has produced~~ ______ as identification and who did take an oath.

[signature]

DALE DeCHANT

NOTARY PUBLIC

Dale DeChant
MY COMMISSION # CC81375 EXPIRES
April 3, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

[signature]
AFFIANT

PCSO
AFFIANT'S ADDRESS

352-[redacted]
AFFIANT'S TELEPHONE NUMBER

16

County Court or Circuit Court - Criminal Division, Pasco County Florida

FINDING OF PROBABLE CAUSE

I, MAYNARD F. SWANSON have reviewed this affidavit and do find there is/~~is not~~ probable cause to hold and bind over for trial the defendant named in this affidavit.

[signature]
JUDGE MAYNARD F. SWANSON

July 10, 2001
DATE

SE01-23535; SE01-23523; SE01-23505; SE01-23500; SE01-235497; SE01-23495; SE01-23409; 0612sa/mg21

52

JUVENILE

ADMINISTRATIVE

NOTICE TO APPEAR — CHECK ONLY ONE: MANDATORY APPEARANCE / NON MANDATORY APPEARANCE | NON / ARREST REF. | REQUEST FOR — CHECK ONLY ONE: CAPIAS / SUMMONS / WARRANT / JUV PICK-UP | ADULT / JUVENILE | REVIEW / ASSISTANT STATE ATTORNEY | DATE

ALL THAT APPLY: 2. TRAFFIC FELONY 4. MISD. TRAFFIC 6. PROBABLE CAUSE

LOCATION OF ARREST (INCLUDE NAME OF BUSINESS): 7420 ORCHARD DR. WESLEY CHAPEL FL.

LOCATION OF OFFENSE (BUSINESS NAME, ADDRESS): 10210 RUDOLPH LN. SAN ANTONIO, FL. 335

| DATE OF ARREST | TIME OF ARREST | BOOKING DATE | BOOKING TIME | JAIL DATE | JAIL TIME | WEAPON SEIZED | WEAPON TYPE |
|---|---|---|---|---|---|---|---|
| 05-22-01 | 1335 | 5.22.01 | 1419 | | | YES ___ NO ___ | |

F.P.S.S. Notified ☐ Y ☒ N — ☐ Juv. ☐ Elderly ☐ Handicap — Domestic Related ☐ Y ☒ N

| JAIL NUMBER | SPN NUMBER | FDLE NUMBER | DOC NUMBER | FBI NUMBER |
|---|---|---|---|---|
| JE01-8506 | 00257999 | | | |

DEFENDANT

NAME (LAST, FIRST, MIDDLE): BURNS, KEVIN LEE — ALIAS:

| RACE | SEX | DATE OF BIRTH | AGE | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR | COMPLEXION |
|---|---|---|---|---|---|---|---|---|
| W | M | 03-26-84 | 17 | 6'2" | 160 | BRN | BLACK | MED |

(RACE: W - WHITE, B - BLACK, H - HISPANIC, I - AMERICAN INDIAN, O - ORIENTAL / ASIAN)

SCARS, MARKS, TATTOOS, ETC.: WRIST

INDICATION OF: ALCOHOL INFLUENCE / DRUG INFLUENCE

PHYSICAL ADDRESS (STREET & APT#): 7420 ORCHARD DR, WESLEY CHAPEL, FL 33543 — PHONE: 813.973-3452 — RESIDENCE TYPE: 1. CITY 2. COUNTY 3. FLORIDA 4. OUT-OF-STATE — 2

MAILING ADDRESS (STREET & APT#): 7420 ORCHARD DR., WESLEY CHAPEL FL. 33543 — PHONE: 813.973-3452 — ADDRESS SOURCE: DEF.

BUSINESS ADDRESS (NAME & STREET): NONE — OCCUPATION: CONSTRUCTION

DRIVER'S LICENSE STATE / NUMBER: [redacted] — SOCIAL SECURITY NUMBER: [redacted] — INS NUMBER: — PLACE OF BIRTH: FLORIDA — CITIZENSHIP: US

CO-DEF

CO-DEFENDANT NAME (LAST, FIRST, MIDDLE): N/A — RACE — SEX — DATE OF BIRTH — AGE — 1. ARRESTED 2. AT LARGE — 1. FELONY 2. MISDEMEANOR 3. JUVENILE

CO-DEFENDANT NAME (LAST, FIRST, MIDDLE): — RACE — SEX — DATE OF BIRTH — AGE — 1. ARRESTED 2. AT LARGE — 1. FELONY 2. MISDEMEANOR 3. JUVENILE

JUVENILE

☐ PARENT ☐ LEGAL CUSTODIAN ☐ OTHER — NAME OF PARENT OR CUSTODIAN (LAST, FIRST, MIDDLE): BURNS, GLEN 374330 — RESIDENCE PHONE: 813 973-34..

ADDRESS (STREET, APT NUMBER): 7420 ORCHARD DR. WESLEY CHAPEL, FL 33543 — BUSINESS PHONE: ( ) NONE

NOTIFIED BY: (NAME): DET. S. GREINER — DATE: 5-22-01 — TIME: 1335 — JUVENILE DISPOSITION: 1. HANDLED / PROCESSED WITHIN DEPT. AND RELEASED 2. TURNED OVER TO HRS / CYF 3. ... COUNTY JAIL) — 2

RELEASED TO: (NAME): PRJD — RELATIONSHIP: PASCO JDC — DATE: 05-22-01 — TIME: 2032

CHARGE

| CHARGE DESCRIPTION | F.S. / ORD. / CIV INF | STATUTE VIOLATION NUMBER | COUNTS | NCIC# | COURT CASE # |
|---|---|---|---|---|---|
| BURGLARY (RESIDENCE) | F.S. | 810.02 | 1 | 2299 | 010126 7 DLAE |

ACTIVITY: N. N/A P. POSSESS S. SELL B. BUY T. TRAFFIC R. SMUGGLE D. DELIVER E. USE K. DISPENSE/DISTRIBUTE M. MANUFACTURE PRODUCE/CULTIVATE Z. OTHER — CODE — AMOUNT — TYPE: N. N/A A. AMPHETAMINE B. BARBITURATE C. COCAINE E. HEROIN H. HALLUCINOGEN M. MARIJUANA O. OPIUM / DERIV P. PARAPHERNALIA/EQUIPMENT S. SYNTHETIC U. UNKNOWN Z. OTHER

CHARGE DESCRIPTION: — ☐ F.S. ☐ ORD. ☐ CIV INF — STATUTE VIOLATION NUMBER — COUNTS — NCIC# — COURT CASE #

ACTIVITY: N. N/A P. POSSESS S. SELL B. BUY T. TRAFFIC R. SMUGGLE D. DELIVER E. USE K. DISPENSE/DISTRIBUTE M. MANUFACTURE PRODUCE/CULTIVATE Z. OTHER — CODE — AMOUNT — TYPE: N. N/A A. AMPHETAMINE B. BARBITURATE C. COCAINE E. HEROIN H. HALLUCINOGEN M. MARIJUANA O. OPIUM / DERIV P. PARAPHERNALIA/EQUIPMENT S. SYNTHETIC U. UNKNOWN Z. OTHER

PROBABLE CAUSE STATEMENT

THE UNDERSIGNED CERTIFIES AND SWEARS THAT HE / SHE HAS JUST AND REASONABLE GROUNDS TO BELIEVE, AND DOES BELIEVE THAT THE ABOVE NAMED DEFENDANT COMMITTED THE FOLLOWING VIOLATION OF LAW:

ON THE 21 DAY OF APRIL 2001 AT 5:00 ☐ A.M. ☒ P.M. (SPECIFICALLY INCLUDE FACTS CONSTITUTING CAUSE FOR ARREST) ON OR ABOUT 04-21-01 A DOOR (WITH FRAME) ALONG WITH A BOX OF FLOOR ADHESIVE WAS STOLEN. FROM THE GARAGE OF A HOME UNDER CONSTRUCTION. (THE HOME WAS COMPLETED BUT HAD NO DOORS OR WINDOWS HUNG YET.) ON 05-19-01, IN A POST MIRANDA INTERVIEW, MR. BURNS CONFESSED TO STEALING THE VICTIM'S PROPE[RTY]. HE ALSO LED ME TO THIS LOCATION AND POINTED OUT THE HOUSE TO ME. SOME OF THE STOLEN PROPERTY WAS RECOVERED AT THE DEFENDANT'S HOUSE. THE DEFENDANT WAS ARRESTED AND TRANSPORTED TO JAIL.

17

P. C. EXISTS FOR CHARGE(S) — JUDGE'S SIGNATURE — DATE

NOTICE

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED WHEN I AM NOTIFIED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED ONCE I AM NOTIFIED THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST SHALL BE ISSUED. IF CITED FOR A CIVIL INFRACTION I AGREE TO APPEAR BEFORE THE COUNTY COURT OR COMPLY WITH THE REQUIREMENTS FOR PAYING THE FINE AND MEETING ANY OTHER SPECIFIED CONDITIONS AS INDICATED ON THE BACK SIDE OF THIS AFFIDAVIT.

SIGNATURE OF DEFENDANT / JUVENILE AND PARENT OR CUSTODIAN: [signature] — DATE: 05-22-01

ADMINISTRATIVE

MIRANDA WARNING — HOLD FOR OTHER AGENCY — NAME: — VERIFIED BY — RIGHT THUMB

ADULTS ONLY: ☐ HOLD FOR FIRST APPEARANCE — DO NOT BOND OUT - REASON:

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, TO THE BEST OF MY KNOWLEDGE AND BELIEF.

X [signature]

DET. STEVEN GREINER 615 — NAME (PRINTED) — C.ID#

BOND / COURT INFO.

DATE: 5-22-01 — VICTIM NOTIFIED: YES ___ NO ___ — BOND CHARGE #: — BOND CHARGE #

BOND TYPE: 1. ROR 2. CASH 3. SURETY 4. BAIL / BOND 5. CERT 6. OTHER — TYPE: PRJD — TYPE

RETURNABLE COURT DATE: TBN — RETURNABLE COURT TIME: TBN

RELEASE DATE: 05-22-01 — RELEASE TIME: 2030

RELEASING OFFICER: [signature] — PAGE

PCSO# 3-0172 (Rev. 6/99)

CLERK OF COURT

000003 11

APART OF THE COURT RECORD AND CASE FILE

EXHIBIT NO. B7E
PAGE: 33 OF 45

131809260000140

18

Pasco County Sheriff's Office

**PROPERTY RECEIPT** D-2

1. TYPE OF CASE: RECOVERED STOLEN PROPERTY
2. PAGE 1 OF 2 PAGES

3. PROPERTY CLASSIFICATION: ☑ EVIDENCE ☐ LOST/FOUND ☐ SECURITY

4. SPECIAL INSTRUCTIONS: ☑ HOLD FOR TRIAL ☐ RETURN TO OWNER ☐ SEND TO LAB ☐ TO BE DESTROYED

5. DEFENDANT: KEVIN BYRNS — D.O.B. 3-26-84 ☐ ADULT ☑ JUVENILE
ADDRESS

6. OWNER'S NAME: UNKNOWN — ADDRESS: " " — PHONE NO.

7. DISCOVERED BY: PCSO — ADDRESS: 37312 HOWARD AVE. DADE CITY — PHONE NO. 352-521-5100

8. ADDRESS OR LOCATION WHERE PROPERTY WAS LOCATED: 7420 ORCHARD DR. WESLEY CHAPEL, FL — DATE & TIME: 5-19-01 2130

CASE NO. 01-

| 9. ITEM # | 10. QTY | 11. DESCRIPTION OF PROPERTY | BIN |
|---|---|---|---|
| 1 | 9 | 2×4×8 | |
| 2 | 11 | 2×6×14 | |
| 3 | 2 | 2×4×10 | |
| 4 | 1 | ROLL CONCRETE WIRE | |
| 5 | 1 | 4×8 PLYWOOD | |
| 6 | 6 | BOXES SHEET ROCK MUD | |
| 7 | 1 | 32×80" DOOR | |
| 8 | 20 | MOLDING | |
| 9 | 1 | WHT/GREEN TACKLE BOX | |
| 10 | 1 | BLUE DRILL HOLDER | |
| 11 | 2 | (ITEMS AT GARAGE DC) TAPED/WRITTEN CONFESSION | |

12. NCIC/FCIC CHECK OPR. / NCIC/FCIC ENTERED OPR. / DATE

13. I CERTIFY THAT I AM THE OWNER OF THE ABOVE LISTED PROPERTY TAKEN FROM MY POSSESSION:
X

14. I CERTIFY THAT THE PROPERTY TURNED IN BY ME TO THE PASCO COUNTY SHERIFF'S OFFICE IS NOT MINE.
X

15. THE ABOVE LIST REPRESENTS ALL PROPERTY IMPOUNDED BY ME IN THE OFFICIAL PERFORMANCE OF DUTY AS A DEPUTY SHERIFF:
X [signature] SIGNATURE CJISS 645 — STEVEN GREIM PRINTED NAME CJISS 645

16. DATE & TIME IMPOUNDED BY OFFICE: 5-19
17. PROPERTY / EVIDENCE LOCKER #: D.C.

18

1. TYPE OF CASE: RECOVERED STOLEN PROPERTY — 2. PAGE 2 OF 2 PAGES

☐ SEND TO LAB ☐ TO BE DESTROYED — 7420 ORCHARD DR. WESLEY CHAPEL FL 33544 — ☑ JUVENILE

6. OWNER'S NAME: 1. UNK 2. KEVIN BYRNS — ADDRESS: 7420 ORCHARD DR. WESLEY CHAPEL, FL — PHONE NO. NONE

7. DISCOVERED BY: PCSO — ADDRESS: 37312 HOWARD AVE DADE CITY, FL 33525 — PHONE NO. 352-521-5100

8. ADDRESS OR LOCATION WHERE PROPERTY WAS LOCATED: 7420 ORCHARD DR. WESLEY CHAPEL, FL 33544 — DATE & TIME: 5-19-01

CASE NO. 01-

| 9. ITEM # | 10. QTY | 11. DESCRIPTION OF PROPERTY | BIN |
|---|---|---|---|
| 12 | 1 | CAR AMP | |
| 13 | 1 | [illegible] | |

20.

6854
5-19-01 ER

LARRY S. HERSCH
JAMES E. KELLY

RECEIVED

OCT 0 8 2001

LOCATION:
12243 U.S. HIGHWAY 301
DADE CITY, FLORIDA 33525

MAILING ADDRESS:
POST OFFICE BOX 1046
DADE CITY, FLORIDA 33526

PHONE: (352) 567-8442
FAX: (352) 567-2475

D-14

October 3, 2001

East Pasco Medical Center
7050 Gall Boulevard
Zephyrhills, Florida 33541

Attention: Medical Records

Re: My Client/Your Patient - Kevin L. Burns
Date of Birth - 3-26-84

Dear Sir or Madame:

Please be advised my firm represents Kevin Lee Burns. I am enclosing herewith a Medical Authorization Release, which has been signed by Davy Burns, the Father and Natural Guardian of Kevin Burns. I am interested in obtaining any and all records pertaining to my client's admission at your facility on May 19, 2001, or May 20, 2001.

Thank you for your assistance regarding this matter.

Very truly yours,

HERSCH & KELLY, P.A.

By: James E. Kelly
James E. Kelly

19

JEK/sss
Enclosure

Counsel New about the baker act,

COPIED
OCT 2 2 2001

D-13

9/04/09
15:38:42

HTE CAD
CAD CALL INFORMATION

PAGE 1
011390700

Call Number: 011390700 Call Type.: 290 Suicide, Threats Police
Entry Day/Tm: 5/19/01 17:21:56 290 Suicide, Threats Police
CmnN:
Call Taker.: 1218 BLACK DELILAH Agency........: 001 PASCO COUNTY SHER SOCTKR0781
Dispatcher.: 1524 GOTTSMAN HARLEY SODISP0382

N A R R A T I V E

| | |
|---|---|
| FR ADVISED RECEIVED CALL FROM 17 YAO ADVISED IT'S OKAY AND HUNG UP | 17:23:00 |
| FR ADVISING THAT SUBJ DID CUT HIS WRIST | 17:23:00 |
| OPR 3 | 17:23:00 |
| ATTEMPTING TO GET LAND LINE | 17:23:00 |
| OPR 3 | 17:23:24 |
| | 17:23:24 |
| F/R INDICATED THEY ARE STAGING, OPR12----82 | |
| | 17:23:51 |
| SPEAKING TO A MALW SUBJ ADVISING THAT HE CUT HIS ARM BUT NOT BLEEDING HUNG UP ON ME | 17:25:00 |
| KEVIN BURNS NOW ADVISING THAT HE IS BLEEDING | 17:25:00 |
| FR 1051 | 17:26:14 |
| SUBJ ADVISING BEEN DOING ACID | 17:26:14 |
| USED 1 HIT | 17:27:18 |
| KEVIN PUT THE PHONE DOWN NOY ANSWERING OPR | 17:27:18 |
| | 17:39:14 |

20

JUVENILE

| Pasco Sheriff's Office | Offense Incident Report | |
|---|---|---|
| Case Reference: BAKER ACT | | Report #: 01-023094-01 |
| | | Date: 10/21/09 |
| | Reporting Person | Seq #: 001 |

Name: KEVIN LEE BURNS
Race: WHITE Sex: MALE
Address: 7420 ORCHARD DR, ZHL, FL 33544 DOB: 3/26/84 Age: 017
Residence Phone: [redacted]
Business Phone:
Employer Name: Occupation: UNEMPLOYED ← So CAN'T O[...] BRAND NEW

| Pasco Sheriff's Office | Continuation Sheet (1) | |
|---|---|---|
| Case Reference: BAKER ACT | | Report #: 01-023094-0001 |
| | | Date: 05/20/01 |

On 05/19/01 at approximately 1730 hours, I was dispatched to 7420 Orchard Drive, Wesley Chapel, 33544, reference a seventeen year old juvenile who had cut his wrist. Upon my arrival, I met with Kevin Burns, who was being treated by paramedics from Pasco Fire Rescue Station #13. The paramedics informed me Kevin would need stitches on his left wrist.

D-15

Upon speaking with Kevin, he was unable to give me a clear reason why he cut his wrist. Kevin told me that he had cut himself with a steak knife. Kevin also said he did not mean to cut his wrist, however, he also stated he had intentionally cut himself. Kevin told me his brother, Glen, was at the house in his bedroom. ← GAVE CONS[...] FOR INTERVIE[W] LATER

Upon speaking with Glen, he told me Kevin had never tried to hurt himself before. Glen also told me he did not know why Kevin had cut his wrist.

While interviewing Kevin, I noticed several piles of construction material and when questioned, Kevin admitted to stealing the materials from numerous construction sites.

Sergeant Rowan was at the scene and upon discovery of the construction material, contacted Detective Greiner.

| Pasco Sheriff's Office | Continuation Sheet (1) | Report #: 01-022093- |
|---|---|---|

Case Reference: NARCOTICS VIOLATION

Date: 05/[...]

On 05/19/01, I was dispatched to 7420 Orchard Drive, Wesley Chapel, 33544, in reference to a juvenile having injured himself. Upon my arrival, I met with Kevin Burns. While interviewing Kevin, I noticed the headlights of his vehicle had been left on and I asked permission from Kevin to search his vehicle, for which he gave consent. During the search of the vehicle, the above listed items had been found along with some marijuana. A presumptive test had been done on the marijuana and the results were positive.

I took Kevin to the East Pasco Medical Center where he was treated by Doctor Hunter for a laceration to his wrist. Doctor Hunter advised Kevin Burns received three staples to his left wrist and released him to my custody, medical record #3854.

21

I then transported Kevin Burns to District II Patrol where we were met by Detective Greiner. Kevin Burns was read Miranda and agreed to speak with myself and Detective Greiner about some stolen property which was located at his residence and he admitted to stealing. Detective Greiner temporarily took custody so Kevin Burns could show him the locations the items had been stolen from (see Detective Greiner's supplement report).

Detective Greiner, after his interview, transported Kevin Burns to the Land O' Lakes Detention Center, where he was booked for misdemeanor possession of marijuana. I then recontacted Detective Greiner and Kevin Burns, transporting him to the Harbors for the Baker Act due to him cutting his wrist (see case #01-23094). I placed the evidence into the Dade City evidence chute. No f[...]

D-16

| | Administrative | |
|---|---|---|
| Reporting Member - ERIC BROWN<br>Supervisor: THOMAS ROWAND<br>Status: CLEARED BY ARREST<br>Referred to: S.A.O. EAST | CJIS#: 2054<br>CJIS#: 367 | Reporting Date: 05/20/01<br>Date approved: 05/20/01 |

| Pasco Sheriff's Office | Continuation Sheet (2) | Report #: 01-022093-0002 |
|---|---|---|
| Case Reference: NARCOTICS VIOLATION | | Date: 05/20/01 |

| | Narrative | |
|---|---|---|

On the above listed date and time, I arrived at the above

--location to assist Deputy Hink. I photographed the suspect's vehicle, stolen property, and the outside of his residence.

22

I made contact with possible victim/[redacted] via telephone. He was not able to identify the property allegedly stolen from his shed. [redacted] did not file a report at the time of the theft. [redacted] advised he will contact with Pasco County Sheriff's Office at a later date with the complete list of missing property.

I also assisted Detective Greiner with the recovery of the stolen property. Case referred to the Property Crimes Unit. No further action.

Narrative read back to 2019 by 1674 at Station 9

| | Administrative | |
|---|---|---|
| Reporting Member - VERLE JOHNSON<br>Supervisor: THOMAS ROWAND<br>Status: CLEARED BY ARREST<br>Referred to: S.A.O. EAST | CJIS#: 2019<br>CJIS#: 367 | Reporting Date: 05/20/01<br>Date approved: 05/20/01 |

Add ten seized items. Case was previously cleared with arrest.

Original document of record is on file in the Records Unit.

| | Administrative | |
|---|---|---|
| Reporting Member - STEVEN GREINER<br>Supervisor: ORIGINAL ON FILE<br>Status: CLEARED BY ARREST<br>Referred to: S.A.O. EAST | CJIS#: 645<br>CJIS#: 9997 | Reporting Date: 05/24/01<br>Date approved: 00/00/00 |

D-20

Employer Name: PCSO

**Vehicle** — Seq #: 001

Status: No Desc
Make: PONTIAC
Color Top: BLUE
Features: No Desc
Value: $.00
VIN #: 1G2NE52E4XM836334
Vehicle/Vessel Type: AUTO
Model: GRAND AM
Color Bottom: BLUE
Description:
Tag #: D12UDH
Tag State: FL
Year: 1999 ← Brand NEW NOT OWNED BY [illegible] VnEMPLOYED 17 y[illegible]
Style: 4 DR
Decal #: 14059776

*Recovery Information*
Recovered by:
Recovery Date: 00/00/00
Recovery Value: $.00

**Property** — Seq #: 001

Status: ** EVIDENCE/SEIZED **
Make:
Model:
Quantity/Weight: 1.3 GRAMS
Condition:
Value: $.00
Property Type: DRUG
Color: No Desc
Description: MARIJUANA
Serial #:
Year: 0000
Misc #:

*Recovery Information*
Recovered By: 2054
Date: 05/19/01
Value: $5.00

**Property** — Seq #: 002

Status: ** EVIDENCE/SEIZED **
Make:
Model:
Quantity/Weight: 1
Condition:
Value: $.00
Property Type: SPORTS EQUIPMENT
Color: BLACK
Description: SUNGLASSES CASE
Serial #:
Year: 0000
Misc #:

*Recovery Information*
Recovered By: 2054
Date: 05/19/01
Value: $1.00

23

**Property** — Seq #: 003

Status: ** EVIDENCE/SEIZED **
Make: EAGLE EYE
Model:
Quantity/Weight:
Condition:
Value: $.00
Property Type: SPORTS EQUIPMENT
Color: SILVER
Description: KNIFE/THROWING
Serial #:
Year: 0000
Misc #:

*Recovery Information*
Recovered By: 2054
Date: 05/19/01
Value: $20.00

**Property** — Seq #: 004

Status: ** EVIDENCE/SEIZED **
Make: MASPER
Model:
Quantity/Weight: 1
Condition:
Value: $.00
Property Type: SPORTS EQUIPMENT
Color: BLACK
Description: KNIFE/LOCK BLADE
Serial #:
Year: 0000
Misc #:

*Recovery Information*
Recovered By: 2054
Date: 05/19/01
Value: $50.00

**Property** — Seq #: 005

Status: ** EVIDENCE/SEIZED **
Make:
Model:
Quantity/Weight: 1
Condition:
Value: $.00
Property Type: DRUG
Color: No Desc
Description: ROLLING PAPERS/PACKAGE
Serial #:
Year: 0000
Misc #:

*Recovery Information*
Recovered By: 2054
Date: 05/19/01
Value: $1.00

**Property** — Seq #: 006

D-17

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: CLOTHING/FUR
Make: | Model: | Color: BLACK | Year: 0000
Quantity/Weight: 1 | Description: SKI MASK
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 2054 | Date: 05/19/01 | Value: $1.00

Property — Seq #: 007

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: RADIO/STEREO
Make: POWER LOGIC | Model: | Color: GRAY | Year: 0000
Quantity/Weight: 1 | Description: 25 WATT/CHANNEL AMP
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 0645 | Date: 05/19/01 | Value: $50.00

Property — Seq #: 008

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: STRUCTURE
Make: | Model: | Color: No Desc | Year: 0000
Quantity/Weight: 9 | Description: 2" X 4" X 8' LUMBER
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 0645 | Date: 05/19/01 | Value: $80.00

Property — Seq #: 009

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: STRUCTURE
Make: | Model: | Color: No Desc | Year: 0000
Quantity/Weight: 11 | Description: 2" X 6" X 14' LUMBER
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 0645 | Date: 05/19/01 | Value: $100.00

Property — Seq #: 010

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: STRUCTURE
Make: | Model: | Color: No Desc | Year: 0000
Quantity/Weight: 2 | Description: 2" X 4" X 10' LUMBER
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 0645 | Date: 05/19/01 | Value: $20.00

Property — Seq #: 011

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: STRUCTURE
Make: | Model: | Color: No Desc | Year: 0000
Quantity/Weight: 1 | Description: ROLL CONCRETE WIRE
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 0645 | Date: 05/19/01 | Value: $80.00

Property — Seq #: 012

Status: ** E V I D E N C E / S E I Z E D ** | Property Type: STRUCTURE
Make: | Model: | Color: No Desc | Year: 0000
Quantity/Weight: 1 | Description: 4' X 8' X 3/4" PLYWOOD
Condition: | Value: $.00 | Serial #: | Misc #:
*Recovery Information*
Recovered By: 0645 | Date: 05/19/01 | Value: $20.00



510103550-2

ZPD FBO 510300

FHP/FLO279000

JUVENILE

Burns, Kevin Lee

7420 Orchard Dr. Wesley Chapel Fl 33543

813-973-3452

I responded to 7420 orchard Dr. in reference to a 17 y[r] Juvenile attempted to cut his wrist. upon my arrival I met with the Juvenile, Kevin who admitted to cutting his wrist. while talking to Kevin I noticed the headlights of his car were on an[d] asked if he would consent to a search of the vehicle. with Kevin['s] permission I searched his car when I found less than 20 gr[ams] of marijuana. A presumptive test proved positive

CLERK OF COURT

CSO# 3-0172 (Rev. 6/99)

... - CASE DOCKET PG 1

EDI: CJC CASE: 0101238DLAES FILED: 051901 DIV: 05 ENT: INTRS OF BURNS, KEV..
TYPE: NXT APR: 092601 CAL: ADJ COMP: DIS: ESI:

| EDATE | DDATE | DOCKET ENTRY | D |
|---|---|---|---|
| 061605 | 061605 | FILE VERIFIED TO THIS POINT AJ | A |
| 010702 | 010702 | CORRESPONDENCE TO JUDGE TEPPER FROM DJJ | A |
| 010702 | 010702 | ORDER TERMINATING SUPERVISION | A |
| 010702 | 010702 | PROGRESS REPORT FORM. | A |
| 100201 | 100201 | RECEIPT 0003.00 #2848100 TEEN COURT | A |
| 100201 | 100201 | RECEIPT 0003.00 #2848100 JUV ASMT CENTER FEE | A |
| 100201 | 100201 | RECEIPT 0100.00 #2848100 FDLE FEE | A |
| 100201 | 100201 | RECEIPT 0050.00 #2848100 COURT COSTS | A |
| 092701 | 092801 | CORRESPONDENCE | A |
| 092701 | 092801 | ORDER OF ADJ. AND PROBATION | A |
| 092601 | 092701 | COSTS W/IN 20 DAYS | A |
| 092601 | 092701 | DRUG ASSESSMENT 000100 | A |
| 092601 | 092701 | TEEN COURT 000003 | A |
| 092601 | 092701 | JUVENILE ASSESSMENT TRUST FUND 000003 | A |
| 092601 | 092701 | COURT COSTS 000050 | A |
| 092601 | 092701 | PROBATION ORDERED 6M W/CONDS IN ORDER | A |
| 092601 | 092701 | ADJUDICATED DELINQUENT | A |
| 092601 | 092701 | CHANGED PLEA TO NOLO CONTENDERE | A |
| 083001 | 090401 | SUMMONS RETURNED SERVED DAVID BURNS 082901 | A |
| 082401 | | SUBPOENA TO SHERIFF (007) STATE | A |
| 082401 | | SUMMONS TO FHR : ADJ 092601 01:30 P.M. | A |
| 082401 | | NOTICE OF ADJUDICATORY HEARING - 092601 01:30 P.M. | A |
| 082201 | 082301 | ADJUDICTORY HEARING SET 092601 @ 1:30 PM | A |
| 082201 | 082301 | MOTION GRANTED TO CONTINUE | A |
| 082101 | 082201 | SUMMONS RETURNED UNSRVD DAVID BURNSON | A |
| 072601 | 073001 | WAIVER OF SPEEDY TRIAL | A |
| 072701 | | SUMMONS TO FHR : PTC 082201 10:00 A.M. | A |
| 072701 | | NOTICE OF PRETRIAL CONFERENCE - 082201 10:00 A.M. | A |
| 072501 | 072601 | PRE-TRIAL CONFERENCE SET: 082201 @ 10:00 AM | A |
| 072501 | 072601 | WAIVED RIGHT TO SPEEDY TRIAL | A |
| 062601 | 062701 | SUMMONS RETURNED SERVED DAVID BURNS 062501 | A |
| 062001 | | SUMMONS TO FHR : ARN 072501 02:30 P.M. | A |
| 062001 | | NOTICE OF ARRAIGNMENT - 072501 02:30 P.M. | A |
| 061901 | 061901 | DELIN MISP PETITION POSS MARIJUANA 1M | A |
| 052001 | 052501 | JUVENILE COMPLAINT REPORT MISD. POSS MARIJUANA SJ | A |

EID/DL NUMBER [redacted] >> INDIVIDUAL [redacted]5

COMPANY NAME
LR
TYPE/NUM/SFX 26
LT STATUS
LT VENDOR

SALES TAX REG NUM
FEID SUFFIX

FIRST NAME KEVIN
LAST NAME BURNS
D.O.B [redacted]
DECEASED DATE

MIDDLE NAME LEE
SUFFIX None
SEX Male

COUNTY 54 DIXIE
RESIDENCY STATUS FL RESIDENT

| VEH ID NUMBER | YEAR | MAKE | COLOR | TITLE NUM | PLATE#/FL#/TOP# |
|---|---|---|---|---|---|
| | | | | | ... HWHR19 ... |
| AS87H1BL138035 | 1981 | CHEV | RED | 19536648 | ... ... |
| FTHF25L3HPA56274 | 1987 | FORD | BRO | 68986405 | ... ... |
| N6SD11S1MC427787 | 1991 | NISS | RED | 62281114 | ... ... |
| YVGD31B7L5273068 | 1990 | MAZD | WHI | 49762385 | ... ... |
| B6HB21Y4LK752482 | 1990 | DODG | BLU | 64782373 | ... ... |
| F2YZ94143KM45267 | 2003 | MAZD | RED | 126235948 | ... IX32RM ... |
| FNRL18633B091185 | 2003 | HOND | GRY | 87944903 | ... ... |
| BAVB13596PT23425 | 2006 | BMW | BLK | | ... BMI6651 ... |

PARKING PERMIT 2236859A ...

NO BRAND / 1999 PONTIAC GRAND AM CARS LISTED THAT CHILD BURNS HAS EVER OWNED ←

17

IN THE CIRCUIT COURT
FOR THE SIXTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR PASCO COUNTY

SPRING TERM, 2001

FELONY INFORMATION

CRC01-2628 CFAES

FILED PASCO COUNTY FLORIDA 2001 JUL -3 PM 4:54

JUVENILE

STATE OF FLORIDA

VS.

KEVIN LEE BURNS
SPN 00257999
W/M; DOB: 3/26/84
SSN: [redacted]

1. BURGLARY, 2°F
2. PETIT THEFT, 2°M

IN THE NAME AND BY THE AUTHORITY FOR THE STATE OF FLORIDA:

BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, prosecuting for the State of Florida, in the said County, under oath, Information makes that

KEVIN LEE BURNS

in the County of Pasco and State of Florida, on or between the 21st and the 30th days of April, in the year of our Lord, two thousand one, in the County and State aforesaid, unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Wayne Scott and/or Central Drywall, Inc., located at 5328 War Admiral Drive, in the City of Wesley Chapel, in the County and State aforesaid, the property of Wayne Scott and/or Central Drywall, Inc. with the intent to commit an offense therein, the said structure at the time not open to the public; contrary to Chapter 810.02(3), Florida Statutes, and against the peace and dignity of the State of Florida. [C3]

27

COUNT TWO

And the State Attorney aforesaid, under oath as aforesaid, further information makes that KEVIN LEE BURNS, in the County of Pasco, State of Florida, on or between the 21st and the 30th days of April, in the year of our Lord, two thousand one, in the County and State aforesaid, did knowingly and unlawfully obtain or use or endeavor to obtain or use the property of another, to-wit: construction material, of the value of less than $100, the property of Wayne Scott and/or Central Drywall, Inc. with the intent to deprive Wayne Scott and/or Central Drywall, Inc. of a right to the property or benefit therefrom, or with the intent to appropriate the property to his own use or to the use of any person not entitled thereto; contrary to Chapter 812.014, Florida Statutes, and against the peace and dignity of the State of Florida. [2I]

IN THE, YEAR NAME OF THE LORD, THE UNITED STATES

P. Kell. 7/24/01

198

| Parcel ID | 10-26-19-0050-03200-0100 (Card: 1 of 1) |
|---|---|
| Classification | 00100-Single Family |

**Mailing Address**
ROVER RANDY J & CHRISTINE P
5328 WAR ADMIRAL DR
WESLEY CHAPEL, FL 33544-5505

**Physical Address**
5328 WAR ADMIRAL DRIVE,
WESLEY CHAPEL, FL 33544

**Legal Description** (First 200 characters)
See Plat for this Subdivision
LEXINGTON OAKS VILLAGE 32A AND VILLAGE 33 PB 40 PG 132 BLOCK 32 LOT 10 OR 6395 PG 1040

**Jurisdiction**
Pasco County, Board of County Commissioners

**Property Value**

| | |
|---|---|
| Ag Land | $0 |
| Land | $26,502 |
| Building | $190,363 |
| Extra Features | $1,004 |
| **Just Value** | **$217,869** |
| Assessed (Non-School Amendment 1) | $138,690 |
| Homestead | -$25,000 |
| Additional Homestead | -$25,000 |
| **Non-School Taxable Value** | **$88,690** |
| **School District Taxable Value** | **$113,690** |

**Warning: A significant taxable value increase may occur when sold.**
**Click here for details and info. Regarding the posting of exemptions.**

**Land Detail (Card: 1 of 1)**

| Line | Use | Code | Description | Zoning | Units | Type | Price | Condition | Value |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0100R | LP1-1 | SFR | MPUD | 5,248.00 | SF | $5.05 | 1.00 | $26,502 |

**Additional Land Information**

| Acres | Tax Area | FEMA Code | Neighborhood Code(s) |
|---|---|---|---|
| 0.12 | 36LX | X | LXOK |

28

View Sketch **Building Information - Use 0100-Single Family Residential (Card: 1 of 1)**

| | | | |
|---|---|---|---|
| Year Built | 2002 | Stories | 2.0 |
| Exterior Wall 1 | Tile or Wood Frame Stucco | Exterior Wall 2 | Concrete Block Stucco |
| Roof Structure | Gable or Hip | Roof Cover | Asphalt or Composition Shingle |
| Interior Wall 1 | Drywall | Interior Wall 2 | None |
| Flooring 1 | Carpet | Flooring 2 | None |
| Fuel | Electric | Heat | Forced Air - Ducted |
| A/C | Central | Baths | 2.0 |

| Line | Code | Description | Sq. Feet | Value |
|---|---|---|---|---|
| 1 | BAS01 | LIVING AREA | 1,882 | $148,288 |
| 2 | FUS02 | FINISHED UPPER STORY | 329 | $23,323 |
| 3 | FGR01 | FINISHED GARAGE | 400 | $12,607 |
| 4 | FSP01 | FINISHED SCREENED PORCH | 126 | $3,467 |
| 5 | FST02 | FINISHED STORAGE | 56 | $2,206 |
| 6 | FOP01 | FINISHED OPEN PORCH | 24 | $473 |

**Extra Features (Card: 1 of 1)**

| Line | Code | Description | Year | Units | Value |
|---|---|---|---|---|---|
| 1 | RDWSWC | DRVWAY/SIDEWALK CONC | 2002 | 591 | $1,004 |

**Sales History**

Previous Owner: RODI JOSEPH S JR & RODI TRACY L

| Month/Year | Book/Page | Type | DOR Code | Condition | Amount |
|---|---|---|---|---|---|
| 05/2005 | 6395 / 1040 | Warranty Deed | | Improved | $259,900 |
| 12/2002 | 5185 / 0892 | Warranty Deed | | Improved | $146,700 |

Per! Mike Wells property Appraiser for price certify #20

My name is Kevin Lee Burns. I am the Subject of A CAD CALL Information Call number 011390700 Call type Suicide, Thats that took place on 5/19/01 17:21:56 at 7420 Orchard drive Wesley Chapel This is a request for a complete copy of the 3 page CAD CAll Information report.

My address is PO BOX 555
Old Town, FL 32680

29

I have filed this records request with As a Notarized Records request due to the fact I was a juvenile at time of incident

21

Thank you

Pasco Sheriff's Office
Records Section
**No Record Found**
We would be happy to recheck this for you, if you have any additional information

NOTARIZED SWORN OATH

Under penalty of perjury I Mr. Burns declare that I have read while I wrote the foregoing and that the facts provided here in are true and correct to the best of my knowing-ledge.

2/22/22
Date

KEVIN BURNS

oath or affirmation:

pursuant to section 117.05 (13)(a),florida statutes, following notarial certificate is sufficient for an oath or affirmation:

30

state of florida

county of levy

sworn to (or affirmed) and subscribed before me by means of

(X) physical presence.

KIRSTIE GALPIN
Commission # GG 355265
Expires July 15, 2023
Bonded Thru Budget Notary Services

NOTARY SEAL ) (SIGNATURE OF NOTARY PUBLIC- STATE OF FLORIDA)

Kirstie Galpin (NAME OF NORTARY TYPED,PRINTED, OR STAMPED)

PERSONALLY KNOWN_______OR PRODUCED IDENTIFICATION FLDL

TYPE OF IDNTIFICATION PROUCED FLDL B652512841060

Pasco Sheriff's Office
Records Section
**No Record Found**
We would be happy to recheck this for you, if you have any additional information
Clerk: J. Jesner
Date: 3/10/22

2/22/22

KEVIN LEE BURNS

DATED.

22

Court in connection with the above styled cases. After filing two recent motions, Defendant was provided with notice that the Court would impose sanctions, including barring him from future non-meritorious filings. *See Orders.* Therefore, the Defendant's motions are dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendant's "Motion to Reopen the Above Listed Cases," and "Writ of Freestanding Actual Innocents Petition," are hereby **DISMISSED**. It is further,

**ORDERED AND ADJUDGED that the Defendant is hereby BARRED from filing *pro se* motions in connection with the above-captioned case numbers. Any further *pro se* filings by the Defendant in the instant case shall be placed by the Clerk of the Circuit Court in an inactive file, and the Court will not respond or take action on them.**

**DONE AND ORDERED** in Chambers at Dade City, Pasco County, Florida, this 24 day of October, 2022. A true and correct copy of the foregoing has been provided to the parties listed below.

TRUE COPY
Original Signed
OCT 24 2022
GREGORY G. GROGER
CIRCUIT JUDGE

31

Gregory Groger, Circuit Judge

Copies to:

State Attorney's Office

Kevin Lee Burns
P.O. Box 555
Old Town, Florida 32680

*Attachments:*
*December 15, 2021 Order*
*April 18, 2022 Order*

BECAUSE I ASKED How You Could get a Signed Confession The night I Could Not be arrested, for the Crime. As a child of a Demacrate, Then was Charged as an adult for The Same Crime AND but did not provide the Confession ?? to the Record

p-5

OR BK 8502 PG 2325
4 of 8

and counsel. Mr. Burns claims that the trial court should have held a hearing to explore the nature and extent of the alleged conflict. We agree and reverse.

**FACTS**

The State charged Mr. Burns with multiple counts of burglary. Upon advice of counsel from the Public Defender's Office, Mr. Burns pleaded no contest. The trial court withheld adjudication, sentenced Mr. Burns to a suspended term of six years' imprisonment, and placed him on probation for six years.

Mr. Burns twice violated his probation. Each time, the court reinstated probation. Upon a third violation, the trial court scheduled a revocation hearing.

Another lawyer from the same Public Defender's Office represented Mr. Burns in the revocation proceedings. Prior to the hearing, however, Mr. Burns filed a pro se motion to correct illegal sentence. He alleged that his original counsel provided incorrect information when advising him to enter a plea; thus, the plea was neither knowing nor voluntary.

32

At the revocation hearing, Mr. Burns' new counsel advised the trial court of the potential conflict of interest and asked to withdraw. The trial court took a short recess so counsel could speak with her supervisor. After the recess, counsel's supervisor appeared at the hearing. He told the trial judge that there was no motion to withdraw because private counsel (who did not appear for Mr. Burns) told him that Mr. Burns was going to withdraw his pro se motion. The supervisor then said, "[I]f [Mr. Burns] would like to waive the conflict . . . we're happy to go forward . . . ." Mr. Burns never waived the conflict, and he never withdrew his pro se motion. The trial court ordered counsel to continue representing Mr. Burns. Ultimately, the trial court found that Mr. Burns had violated his probation and sentenced him to six years in prison.

APART OF THE APPEAL RECORD

24